# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| Kenneth J. Bauwens, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | Case No: 18 C 707 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Revcon Technology Group, Inc. and | ) | |
| S & P Electric, Inc., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to dismiss [10] is granted. All other pending motions are denied as moot. Civil case terminated.

## STATEMENT

Plaintiffs, trustees of the relevant pension plan, filed the instant suit to recover the balance of withdrawal liability owed by Defendants based on their complete withdrawal from the plan. Plaintiffs notified Defendants in August 2006 of their withdrawal liability and set a quarterly payment schedule for each defendant. Defendants repeatedly defaulted on these payments, causing Plaintiffs to accelerate the entire amount due in April 2008. Plaintiffs have filed six lawsuits since 2008 to recover the balance of the amounts due at the time. Each time a case was filed, Defendants sought to pay the delinquent installments and asked Plaintiffs to dismiss the then-pending lawsuit, which they did. Defendants never filed an appearance in any of the cases.

Plaintiffs' current suit, filed on January 31, 2018, seeks to recover delinquent quarterly payments plus interest from January 2017 to January 2018 for defendant S & P Electric, Inc. ("S & P") and from July 2016 to January 2018 for defendant Revcon Technology Group, Inc. ("Revcon").[1] Defendants move to dismiss the complaint on the ground that it is barred by res judicata and the applicable statute of limitations. Because the Court finds that the complaint is time-barred, it need not address the res judicata issue.

The statute of limitations for bringing an action on the failure to make withdrawal liability payments is the later of either: (1) six years after the date on which the cause of action arose; or (2) three years after the earliest date on which the plaintiff acquired or should have acquired actual knowledge of the existence of such cause of action; except that in the case of fraud or concealment, such action may be brought not later than six years after the date of

---

[1] Plaintiffs seek $5,844.27 from S & P and $27,395.71 from Revcon. (Compl., Ex. A, Dkt. # 1-1.)

discovery of the existence of such cause of action. 29 U.S.C. § 1451(f)(1)-(2). Assuming for purposes of this motion that the six-year limitations period applies, the current suit is time-barred; Plaintiffs accelerated the debt in April 2008, and the instant suit was filed almost ten years later – over four years after the expiration of the limitations period.

Plaintiffs contend that the acceleration of the debt was "revoked, withdrawn, rescinded, or – perhaps most accurately – mutually abandoned." (Pls.' Resp., Dkt. # 13, at 8.) But this assertion is belied by Plaintiffs' allegation in each of their 2009, 2011, 2013, and 2015 complaints that the debt was accelerated in April 2008 (Defs.' Reply, Dkt. # 17, at 11-12); *Help At Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001) (noting that "[i]t is a 'well-settled rule that a party is bound by what it states in its pleadings.'") (citation omitted). It is true, as Plaintiffs point out, that the Supreme Court has stated that "the limitations period on a particular [withdrawal installment] payment runs from the date that payment comes due." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 193 (1997). But Plaintiffs' reliance on this proposition ignores the first part of that sentence, which states: "*If the creditor refrains from exercising the acceleration option*, . . . ." *Id*. (emphasis added). As the Supreme Court noted in a footnote to this very observation, "[t]he statute of limitations on an accelerated debt runs from the date the creditor exercised its acceleration option . . . ." *Id*. at 209 n.5.

Thus, because Plaintiffs' claims are time-barred, Defendants' motion to dismiss [10] is granted. All other pending motions are denied as moot. Civil case terminated.

**Date:** September 11, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**